Jeffrey Goldfarb (State Bar No. 125596)
General Counsel
jgoldfarb@rutan.com
Robert O. Owen (State Bar No. 126105)
bowen@rutan.com
Ajit Singh Thind (State Bar No. 268018)
athind@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:  714-641-5100
Facsimile:   714-546-9035

Attorneys for Defendants SUNLINE SERVICES
GROUP; SUNLINE TRANSIT AGENCY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CAB, LLC, a California limited liability company,,<br><br>Plaintiff,<br><br>v.<br><br>SUNLINE SERVICES GROUP; SUNLINE TRANSIT AGENCY, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. CV 12-05552 GW (OPx)<br>Assigned to Honorable George H. Wu<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Hearing on Motion:<br>Date:         April 1, 2013<br>Time:        8:30 a.m.<br>Courtroom:  10<br><br>Date Action Filed: June 26, 2012<br>Trial Date:            May 14, 2013 |

Rutan & Tucker, LLP
attorneys at law

2465/029659-0004
5152233.1 a03/18/13

Case No.  CV 12-05552 GW (OPx)
DEFENDANTS' REPLY BRIEF IN SUPPORT
OF MSJ OR PARTIAL MSJ

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................1

II. CALIFORNIA LAW PROVIDES THAT A SINGLE CITY OR COUNTY MAY BOTH OPERATE A TRANSIT SYSTEM AND REGULATE TAXICABS AT THE SAME TIME ...............................2

III. PLAINTIFF, AND NOT DEFENDANTS, IMPROPERLY ELEVATES FORM OVER SUBSTANCE ......................................................3

IV. PLAINTIFF CONFUSES GOVERNMENTAL PURPOSE WITH ECONOMIC INTEREST ................................................................5

V. PLAINTIFF FAILS TO REFUTE CASE LAW WHICH ESTABLISHES THAT DEFENDANTS ARE ENTITLED TO STATE ACTION IMMUNITY ................................................................6

VI. DEFENDANTS' POLICY ARGUMENTS ARE IRRELEVANT FOR THE PURPOSES OF THIS MOTION ...................................................8

VII. PLAINTIFF'S DESIRED REMEDIES ARE INAPPROPRIATE AND ASK THE COURT TO DECIDE ISSUES WHICH IMPLICATE THE SEPARATION OF POWERS ..........................................9

VIII. CONCLUSION ............................................................................................10

Rutan & Tucker, LLP
attorneys at law

2465/029659-0004
5152233.1 a03/18/13

-i-

Case No. CV 12-05552 GW (OPx)
DEFENDANTS' REPLY BRIEF IN SUPPORT OF MSJ OR PARTIAL MSJ

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Baker v. Carr*,
  369 U.S. 186 (1962) .................................................................................... 10

*Ferguson v. Skrupa*,
  372 U.S. 729-730 (1963) ............................................................................. 10

*Golden State Transit Corp. v. Los Angeles*,
  726 F.2d 1430 (9th Cir. 1984) (*cert denied* 471 U.S. 1003 (1985)) ............ 1, 3, 6

*Howard v. Hibshman*,
  2012 U.S. Dist. LEXIS 91427 (S.D. Cal. June 29, 2012) ................................. 8

*Minn. v. Clover Leaf Creamery Co.*,
  449 U.S. 456 (1981) .................................................................................... 10

*Sunkist Growers, Inc. v. Winckler & Smith Citrus Products Co.*,
  370 U.S. 19 (1962) ................................................................................ 1, 4, 5

**STATE CASES**

*Birkenfeld v. City of Berkeley*,
  17 Cal.3d 129 (1976) ..................................................................................... 2

*Candid Enterprises, Inc. v. Grossmont Union High School Dist.*,
  39 Cal.3d 878 (1985) ..................................................................................... 2

*Cotta v. City and County of San Francisco*,
  157 Cal. App. 4th 1550 (2007) ...................................................................... 8

*In re Petersen*
  51 Cal. 2d 177 (1958) .................................................................................... 7

*Luxor Cab Co. v. Cahill*,
  21 Cal. App. 3d 551 (1971) ........................................................................... 7

**FEDERAL STATUTES**

15 U.S.C.
  sections 1 *et seq.* ......................................................................... 1, 3, 5, 6, 7, 8

**STATE STATUTES**

California Government Code
  section 6502 ............................................................................................... 3, 7
  section 26002 ................................................................................................. 2
  section 39732(a) ............................................................................................ 2
  section 53075.5 ........................................................................................... 3, 7
  section 53075.5(a) ......................................................................................... 7

Rutan & Tucker, LLP
attorneys at law

2465/029659-0004
5152233.1 a03/18/13

-ii-

Case No. CV 12-05552 GW (OPx)
DEFENDANTS' REPLY BRIEF IN SUPPORT
OF MSJ OR PARTIAL MSJ

|   | **Page(s)** |
|---|---|
| STATE STATUTES (CONT.) | |
| California Public Utilities Code | |
|    sections 5351 *et seq.* | 3, 6, 7 |
|    section 5353(g) | 6 |
| California Vehicle Code | |
|    section 21100(b) | 8 |
|    section 21112 | 3, 7, 8 |
| CONSTITUTIONAL PROVISIONS | |
| California Constitution | |
|    Art. XI, Section 7 | 2 |
|    Art. XI, Section 9 | 2 |

Rutan & Tucker, LLP
attorneys at law

2465/029659-0004
5152233.1 a03/18/13

-iii-

Case No. CV 12-05552 GW (OPx)
DEFENDANTS' REPLY BRIEF IN SUPPORT
OF MSJ OR PARTIAL MSJ

## I.  INTRODUCTION

Defendants filed their Motion based on two legal arguments: (1) they are incapable of concerted activity, and (2) the State Action Immunity immunizes their taxicab regulation. Defendants offered ten material facts in support thereof. Plaintiff has admitted all of them, but contends that there is some sort of a "conflict" with Defendants' regulation. The question for the Court to answer is basic: Can two joint powers authorities be liable for a Sherman Act Section 1 (15 U.S.C. §§ 1 *et seq.*, "Section 1") violation, when the two joint powers authorities are exercising the powers that an individual city or county could have exercised on its own? The answer is definitively no. (See *Sunkist Growers, Inc. v. Winckler & Smith Citrus Products Co.*, 370 U.S. 19 (1962).) Further, while there are two separate legal entities, Defendants share the same decision makers and are incapable of concerted action. Moreover, assuming, *arguendo*, that Defendants are capable of conspiring, taxicab regulation is still subject to the State Action Immunity. (*Golden State Transit Corp. v. Los Angeles*, 726 F.2d 1430, 1434 (9th Cir. 1984) (*cert denied* 471 U.S. 1003 (1985).)

Plaintiff's Opposition also offers twenty facts that are simply ***irrelevant*** to the legal issues at hand, attempting to engage Defendants in a factual battle to prove to the Court that *some* dispute of material fact exists. That is not the issue for the Court. Any claim that SSG should have less or "better" taxicab regulations should not be addressed through a Section 1 cause of action (see *Golden State Transit Corp., supra*) and should be directed to the political process. Further, if Plaintiff now wants to spend time arguing, essentially, about substantive due process or "conflict of interest" implications arising out of any particular regulation, it can file a new complaint.[1]

Finally, Plaintiff requests that the Court re-write the SSG Joint Powers

---

[1]  Pursuant to the Court's Scheduling Order, the last date in which Plaintiff could amend its pleading was October 12, 2012.

Rutan & Tucker, LLP
attorneys at law

2465/029659-0004
5152233.1 a03/18/13

-1-

Case No.  CV 12-05552 GW (OPx)
DEFENDANTS' REPLY BRIEF IN SUPPORT
OF MSJ OR PARTIAL MSJ

1 Agreement or strike SSG rules.  Such a suggestion implicates both the Separation of
2 Powers and Political Question doctrines – areas where the Court is without a proper
3 standard of review and should proceed cautiously (or not proceed at all).

## II. CALIFORNIA LAW PROVIDES THAT A SINGLE CITY OR COUNTY MAY BOTH OPERATE A TRANSIT SYSTEM AND REGULATE TAXICABS AT THE SAME TIME.

Under Section 7 of Article XI of the California Constitution, "a county of city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws."  "Apart from this limitation, the 'police power [of a county or city] under this provision . . . is as broad as the police power exercisable by the Legislature itself.'"  (*Candid Enterprises, Inc. v. Grossmont Union High School Dist.*, 39 Cal.3d 878, 885 (1985) quoting *Birkenfeld* v. *City of Berkeley*, 17 Cal.3d 129, 140 (1976).)  Section 9 of Article XI of the California Constitution affirms the power of local agencies to operate transit: "A municipal corporation may establish, purchase, and operate public works to furnish its inhabitants with light, water, power, heat, *transportation*, or means of communications."  (Emphasis added.)  Pursuant to these Constitutional enactments, cities and counties can *both* operate a transit system and regulate taxis.

In addition, the California Legislature has explicitly stated that both cities and counties have the power to operate transit systems.  For instance, Government Code section 26002 states that a county board of supervisors "may lay out, maintain, control, construct, repair, and manage public ferries, bridges, wharves, chutes, other shipping facilities, and *passenger transportation* facilities within the county and may cooperate with any city in so doing.  The board of supervisors may furnish and operate public transportation services within the unincorporated areas of the county."  (Gov. Code § 26002, emphasis added.)  Government Code section 39732(a) provides that a legislative body (of a city) may "[a]cquire, own, construct, maintain, and operate bus lines . . . ."  Clearly, the California Legislature has

Rutan & Tucker, LLP
attorneys at law

2465/029659-0004
5152233.1 a03/18/13

-2-

Case No.  CV 12-05552 GW (OPx)
DEFENDANTS' REPLY BRIEF IN SUPPORT
OF MSJ OR PARTIAL MSJ

authorized cities and counties to operate transit systems.

Further, the California Legislature has *explicitly* stated that both cities and counties have the power to regulate taxicabs. (See Pub. Util. Code §§ 5351 et seq; Veh. Code § 21112; Gov. Code § 53075.5.) This regulation was described at length in Section V(C) of Defendants' Memorandum of Points and Authorities and below in Section V. Further, the Ninth Circuit has already found that "[t]he California Constitution and California's statutes show an affirmatively expressed and clearly articulated state policy to displace competition with regulation in the taxicab industry" and immunized a city from Sherman Act liability. (*Golden State Transit Corp. v. Los Angeles*, 726 F.2d 1430, 1434 (9th Cir. 1984) (*cert denied* 471 U.S. 1003 (1985).)

Therefore, the California Constitution and Legislature have clearly articulated that a ***single*** city, county, or joint powers authority[2] can both operate a transit system ***and*** regulate taxicabs at the same time.[3]

## III. PLAINTIFF, AND NOT DEFENDANTS, IMPROPERLY ELEVATES FORM OVER SUBSTANCE

Plaintiff continues to argue that STA and SSG are capable of concerted action, in part, due to their "different purposes" and "two hats." Plaintiff completely misses the point.

As discussed in Section II above, ***one*** California city, county, or joint powers authority has the power to ***both*** operate transit and regulate taxicabs. This is permissible according to the California Constitution and the California Legislature. No court has struck this ability down or determined that it is some sort of a "conflict of interest." Therefore, the fact that public entities chose to separately delegate

---

[2] Pursuant to the Joint Exercise of Powers Act, a joint powers authority may exercise "any power common to the contracting parties." (Gov. Code § 6502.) Therefore, both SSG and STA can utilize the common powers provided to their ten members.
[3] For example, the City of Santa Monica operates a bus system (the "Big Blue Bus"), and then, through its police department, regulates taxi cabs.

Rutan & Tucker, LLP
attorneys at law

2465/029659-0004
5152233.1 a03/18/13

-3-

Case No. CV 12-05552 GW (OPx)
DEFENDANTS' REPLY BRIEF IN SUPPORT
OF MSJ OR PARTIAL MSJ

these powers to *two* new agencies is simply not actionable. Clearly, Plaintiff[4] seeks to elevate form over substance – a claim that was specifically dealt with in *Sunkist Growers, Inc. v. Winckler & Smith Citrus Products Co.*, 370 U.S. 19 (1962).

In *Sunkist*, several agricultural cooperatives that were owned by the same 12,000 growers were sued for violations of § 1 of the Sherman Act. (*Id.* at 24-25.) The Supreme Court was presented with the question of whether "Sunkist, Exchange Orange, and Exchange Lemon -- the three legal entities formed by these 12,000 growers -- can be considered independent parties for the purposes of the conspiracy provisions of §§ 1 and 2 of the Sherman Act." (*Id.* at 27.) The Court answered no. (*Id.* at 29.)

In its analysis, the Court explored the different purposes of the associations, finding that for example, one was formed for "marketing," while the others were formed for "research and processing." (*Id.* at 29.) The Court noted that the 12,000 farmers could "join together into *one* organization for the **collective** processing and marketing of their fruit and fruit products **without the business decisions of their officers being held combinations or conspiracies.**" (*Id.* at 28, emphasis added.) The Court later concluded:

> [W]e feel that the 12,000 growers here involved are in practical effect and in the contemplation of the statutes one "organization" or "association" even though they have formally organized themselves into three separate legal entities. To hold otherwise would be to impose grave legal consequences upon organizational distinctions that are of *de minimis* meaning and effect to these growers who have banded together for processing and marketing purposes within the purview of the Clayton and Capper-Volstead Acts. (*Id.* at 29.)

---

[4] This is ironic since Plaintiff accuses Defendants of elevating form over substance and cites to the following quote from *Am. Needle*: "As *Copperweld* exemplifies, 'substance not form, should determine whether a[n] ... entity is capable of conspiring under § 1." (Opposition 10:6-8.)

Rutan & Tucker, LLP
attorneys at law

2465/029659-0004
5152233.1 a03/18/13

-4-

Case No. CV 12-05552 GW (OPx)
DEFENDANTS' REPLY BRIEF IN SUPPORT
OF MSJ OR PARTIAL MSJ

The analysis with STA and SSG is *identical*. As described above, there can be no doubt that *each* of the cities and the County of Riverside could both operate transit and regulate taxicabs on their own without being subject to Sherman Act liability. The mere fact that these ten local agencies have jointly delegated these two functions to two joint powers authorities is of "*de minimis* meaning and effect" and must not subject them to liability that they would otherwise not incur if regulation remained with each local agency. Moreover, just as the Supreme Court reasoned in *Sunkist* that the 12,000 farmers could have joined "processing and marketing" functions together into *one* organization (rather than *three*), the ten local agencies that created STA and SSG could at any point simply merge the transit operations and taxicab regulation into one joint powers authority. Or an agency can even withdraw from STA and SSG and operate both transit and regulate taxicabs on its own. The result: No Section 1 liability. Form should not prevail over substance.

## IV. PLAINTIFF CONFUSES GOVERNMENTAL PURPOSE WITH ECONOMIC INTEREST

In its Opposition, Plaintiff contends that SSG and STA have different "economic interests." This is incorrect. Neither of the joint powers authorities have an "economic interest." Their purposes, as described in their joint powers agreements, are different components of the broad governance required of California local agencies.

STA performs the transit operations that the nine cities and County of Riverside would otherwise perform. SSG performs the taxicab regulation that those local agencies would otherwise perform. Both of these, of course, are not based on economic motivation. Rather, they are exercises of legislative power. (See Plaintiff's Opposition 15:7-15.)

Plaintiff cites to numerous cases that speak of "private gain" and "private parties" that benefit from anticompetitive regulation. (See Opposition 15:24-16:7.) None of that analysis is applicable here. STA and SSG are not private actors. They

Rutan & Tucker, LLP
attorneys at law

2465/029659-0004
5152233.1 a03/18/13

-5-

Case No. CV 12-05552 GW (OPx)
DEFENDANTS' REPLY BRIEF IN SUPPORT
OF MSJ OR PARTIAL MSJ

are governmental actors.

## V. PLAINTIFF FAILS TO REFUTE CASE LAW WHICH ESTABLISHES THAT DEFENDANTS ARE ENTITLED TO STATE ACTION IMMUNITY

Plaintiff, while on the one hand admitting that broad powers are afforded to California local agencies to regulate taxicabs, contends that SSG's regulation of taxi cabs is somehow different. At no point in its Opposition does Plaintiff discuss the Ninth Circuit's broad holding in *Golden State Transit Corp. v. Los Angeles*, 726 F.2d 1430 (9th Cir. 1984), the bevy of California court cases on this subject, or their implications for Plaintiff's lone Section 1 cause of action.

In *Golden State Transit Corp.*, a taxi company brought a complaint for violation of Section 1 of the Sherman Act against the City of Los Angeles when the City refused to renew its taxicab franchise. The Ninth Circuit analyzed the case under the State Action Immunity to determine if federal antitrust laws apply to taxi cab regulation: "whether federal antitrust restrictions apply to the City is a question of law to be reviewed *de novo*." (*Id.* at 1432.) The Court found that the state had exercised control over taxicabs pursuant to the Passenger Charter-Party Carriers' Act (Pub. Util. Code §§ 5351 et seq.). (*Ibid.*) The Court also referenced Public Utilities Code section 5353(g):

> This chapter does not apply to any of the following . . .
> (g) Taxicab transportation service licensed and regulated by a city or county, by ordinance or resolution, rendered in vehicles designed for carrying not more than eight persons excluding the driver.

The Court further found that the "[California] legislature has determined that public transportation by taxicab should be regulated and that preferably the regulation should be handled by local government." (*Id.* at 1434.) The Court later concluded that "[t]he California Constitution and California's statutes show an affirmatively expressed and clearly articulated state policy to displace competition with regulation

Rutan & Tucker, LLP
attorneys at law

2465/029659-0004
5152233.1 a03/18/13

-6-

Case No. CV 12-05552 GW (OPx)
DEFENDANTS' REPLY BRIEF IN SUPPORT
OF MSJ OR PARTIAL MSJ

in the taxicab industry. The challenged actions of the City were taken pursuant to that policy and were contemplated by the legislature." (*Id.* at 1434-1435.) Therefore, the Court affirmed summary judgment in favor of the City of Los Angeles on the Section 1 claim. (*Id.* at 1435.)

Plaintiff falsely claims that Defendants have not proven that SSG's enactments were made pursuant to the State Action Immunity. SSG's taxi cab regulation was committed pursuant to the California Constitution and California's numerous enabling statutes (Pub. Util. Code §§ 5351 et seq; Veh. Code § 21112; Gov. Code § 53075.5.) These expansive grants of power not only *allow* for local regulation of taxicabs, but explicitly ***command*** it:

> Notwithstanding Chapter 8 (commencing with Section 5351) of Division 2 of the Public Utilities Code, every city or county ***shall*** protect the public health, safety, and welfare by ***adopting*** an ordinance or resolution in regard to taxicab transportation service rendered in vehicles designed for carrying not more than eight persons, excluding the driver, which is operated within the jurisdiction of the city or county. (Gov. Code § 53075.5(a), emphasis added.)[5]

Further, Defendants have already cited to cases and statutes which affirm the broad power of a California local agency to regulate taxi cabs in very specific manners.

For instance, *In re Petersen* 51 Cal. 2d 177, 182–183 (1958) and Vehicle Code section 21112 reaffirm the power of a local agency to regulate the location of a taxi stand. In *Luxor Cab Co. v. Cahill*, 21 Cal. App. 3d 551 (1971), a taxicab company's challenge that it was not granted enough cab medallions was summarily rejected: "The use of streets by taxicabs is a privilege that may be granted or withheld without violating either due process or equal protection. This privilege

---

[5] As already described, both SSG and STA are joint powers authorities made up of numerous Coachella Valley cities and the County of Riverside. Pursuant to the Joint Exercise of Powers Act, they may exercise "any power common to the contracting parties." (Gov. Code § 6502.) Therefore, both SSG and STA can utilize the powers provided to their members.

Rutan & Tucker, LLP
attorneys at law

2465/029659-0004
5152233.1 a03/18/13

-7-

Case No. CV 12-05552 GW (OPx)
DEFENDANTS' REPLY BRIEF IN SUPPORT
OF MSJ OR PARTIAL MSJ

may be granted exclusively or nonexclusively to render public services." (*Id.* at 558; see also *Howard v. Hibshman*, 2012 U.S. Dist. LEXIS 91427 (S.D. Cal. June 29, 2012) ["The Court concludes there is no property interest in a pedicab permit."].) Finally, in *Cotta v. City and County of San Francisco*, 157 Cal. App. 4th 1550, 1560 (2007), the Court of Appeal affirmed that local agencies have extremely broad powers to regulate taxicabs:

> The regulation of the taxicab industry is a traditional subject of the police power of cities and counties. (See Veh. Code, § 21100, subd. (b) [providing that "[l]ocal authorities may adopt rules and regulations by ordinance or resolution …" regarding "[l]icensing and regulating the operation of vehicles for hire and drivers of passenger vehicles for hire"]; Veh. Code, § 21112 ["Local authorities may by ordinance license and regulate the location of stands on streets and highways for use by taxicabs and other public carriers for hire in their respective jurisdictions."].)
> Local authorities act pursuant to their police power in regulating virtually all aspects of the taxicab business, including who may operate a cab, how many cabs may be operated, how much cabs may charge, where cabs may travel, and where cabs may pick up passengers.

Based on these broad powers granted by the California Constitution and Legislature, Defendants are immune from Plaintiff's Section 1 claim.

## VI. DEFENDANTS' POLICY ARGUMENTS ARE IRRELEVANT FOR THE PURPOSES OF THIS MOTION

Plaintiff, in its attempt to manufacture some type of disputed material fact, attempts to bait Defendants into a discussion over the policies implicated by certain SSG regulations. For example, Plaintiff contends that SSG's ban on exclusive dealings for compensation (Section 1.225 of the Taxi Cab), which applies to all taxi cabs, is not reasonable. The wisdom and implications of these specific policies are

Rutan & Tucker, LLP
attorneys at law

2465/029659-0004
5152233.1 a03/18/13

-8-

Case No. CV 12-05552 GW (OPx)
DEFENDANTS' REPLY BRIEF IN SUPPORT
OF MSJ OR PARTIAL MSJ

not at issue for the Court in deciding this Motion, which comes down solely to issues of law.

## VII. PLAINTIFF'S DESIRED REMEDIES ARE INAPPROPRIATE AND ASK THE COURT TO DECIDE ISSUES WHICH IMPLICATE THE SEPARATION OF POWERS

In its Opposition, Plaintiff explains the order it wants to see from this litigation:

> American Cab is seeking an order for either (1) that taxi regulation be moved to a different agency whose board members and management are not conflicted, or (2) that SSG delegate taxi regulation to an advisory board and different management as is especially allowed the California's joint powers authority law. At a minimum, American Cab is requesting an order striking the rules enacted by SSG which restrain free trade. (Opposition 2:3-9.)

In essence, Plaintiff wants to see the Court either (1) re-write the SSG joint powers agreement (which was agreed to by ten different legislative bodies) to create a new legislative body, or (2) revoke SSG legislation. These requests strike deep to the heart of both the Political Question and Separation of Powers doctrines.

The first request appears to implicate a Political Question. While it is difficult to describe when a case involves a Political Question, the United States Supreme Court has determined some indicative factors:

> Prominent on the surface of any case held to involve a political question is found a textually demonstrable constitutional commitment of the issue to a coordinate political department; or a lack of judicially discoverable and manageable standards for resolving it; or the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or the impossibility of a court's undertaking independent resolution without expressing lack of the

Rutan & Tucker, LLP
attorneys at law

2465/029659-0004
5152233.1 a03/18/13

-9-

Case No. CV 12-05552 GW (OPx)
DEFENDANTS' REPLY BRIEF IN SUPPORT
OF MSJ OR PARTIAL MSJ

1  respect due coordinate branches of government; or an unusual need for
2  unquestioning adherence to a political decision already made; or the
3  potentiality of embarrassment from multifarious pronouncements by
4  various departments on one question. (*Baker v. Carr*, 369 U.S. 186,
5  217 (1962).)

The major problem with Plaintiff's first request is that the Court simply has no proper guideline or rule for determining how a new legislative body should be composed. Moreover, the power to determine the makeup of a joint powers authority, like SSG, is vested in the cities and counties that created it, not the judiciary. Because of the difficulties surrounding this issue, the Court is best served by deference to the existing makeup of SSG, which was previously agreed to by ten different legislative bodies.

On the second request, the Court faces problems with the Separation of Powers. "Under the system of government created by the Constitution, it is up to legislatures, not courts, to decide on the wisdom and utility of legislation. [¶] . . . [¶]. . . courts do not substitute their social and economic beliefs for the judgment of legislative bodies, who are elected to pass laws." (*Ferguson v. Skrupa*, 372 U.S. 729-730 (1963); see also *Minn. v. Clover Leaf Creamery Co.*, 449 U.S. 456, 469 (1981) ["[I]t is up to legislatures, not courts, to decide on the wisdom and utility of legislation"].) The Court should not substitute its judgment for that of the SSG Board of Directors.

## VIII. CONCLUSION

Pursuant to the direction of the California Constitution and Legislature, one city, county, or joint powers authority can both operate transit and regulate taxicabs. There is simply no reason why the ten local governments cannot delegate these powers to two joint powers authorities instead of one. Further, as repeatedly described in Defendants' papers, STA and SSG are incapable of concerted action due to their joint makeup. Lastly, SSG's regulation of taxicabs is immune from

Rutan & Tucker, LLP
attorneys at law

2465/029659-0004
5152233.1 a03/18/13

-10-

Case No. CV 12-05552 GW (OPx)
DEFENDANTS' REPLY BRIEF IN SUPPORT
OF MSJ OR PARTIAL MSJ

1  Sherman Act liability under the State Action Immunity.  Based on the foregoing,
2  Defendants respectfully request that summary judgment be entered in their favor
3  and Plaintiff's Complaint be dismissed.

5  Dated:  March 18, 2013           RUTAN & TUCKER, LLP
                                    JEFFREY GOLDFARB
6                                   ROBERT O. OWEN
                                    AJIT S. THIND

8                                   By:      s/s
                                       Ajit S. Thind
9                                      Attorneys for Defendants
                                       SUNLINE SERVICES GROUP;
10                                     SUNLINE TRANSIT AGENCY

Rutan & Tucker, LLP
attorneys at law

2465/029659-0004
5152233.1 a03/18/13

-11-

Case No.  CV 12-05552 GW (OPx)
DEFENDANTS' REPLY BRIEF IN SUPPORT
OF MSJ OR PARTIAL MSJ